IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS

| | | |
|---|---|---|
| ROBERT L. SHULER and | ) | |
| PAULINE SHULER LEWIS, | ) | |
| natural children and heirs at law of | ) | |
| decedent PAULINE SLOAN SHULER, and | ) | |
| THE ESTATE OF PAULINE SHULER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 2:12-cv-2498 |
| | ) | |
| BAPTIST MEMORIAL HEALTH | ) | |
| CARE CORPORATION, d/b/a | ) | |
| Baptist Memorial Hospital-Memphis, | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

## COMPLAINT

COME NOW the Plaintiffs in the above-styled cause, ROBERT L. SHULER and PAULINE SHULER LEWIS, natural children and heirs at law of decedent Pauline Sloan Shuler, and THE ESTATE OF PAULINE SHULER, by and through their attorneys, Rachael E. Putnam and Jason D. Nowlin of Putnam Firm, PLC, and file this Complaint for Damages, and in support thereof, would respectfully state unto the Court as follows, to-wit:

### I. PARTIES

1. Plaintiffs are the natural children and heirs at law of the late Pauline Sloan Shuler. Robert Shuler is a resident of Texas, and Pauline Shuler Lewis is a resident of Mississippi.

2. Defendant Baptist Memorial Health Care Corporation, d/b/a Baptist Memorial Hospital-Memphis ("Defendant" or "Baptist"), is a Tennessee corporation with its principal place of business at 350 North Humphreys Boulevard, Memphis, Tennessee 38120, and may be

1

served through its registered agent for service of process, Gregory M. Duckett, at its principal office.

## II. JURISDICTION AND VENUE

3. Defendant in this cause is a legal resident of and domiciled in the State of Tennessee. Defendant is also found within and transacting business within the geographic area of this Court. There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. This Court has personal jurisdiction over the parties and subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

5. The injuries and damages caused by the wrongful conduct complained of herein occurred and the causes of action herein arose within the geographic area of this Court.

## III. FACTS

6. Pauline Sloan Shuler ("Mrs. Shuler" and/or "the deceased"), was a citizen and resident of Leflore County, Mississippi, until her death on June 23, 2011, which occurred in the Intensive Care Unit of Baptist Memorial Hospital-Memphis, located at 6019 Walnut Grove Road, Memphis, Tennessee 38120 and owned and operated by Defendant Baptist.

7. Dr. Frank A. McGrew, who was Mrs. Shuler's treating cardiologist for a number of years, referred Mrs. Shuler for an appointment with Dr. Stephen Besh, a specialist in the field of Hematology, in late August 2006 due to problems she was experiencing. Dr. Besh determined that Ms. Shuler was allergic to the blood thinner known as Heparin, which is an anticoagulant and is known to cause excessive bleeding, hematomas, or HIT (heparin induced thrombocytopenia) in certain individuals. After receiving Dr. Besh's diagnosis, Mrs. Shuler refused to be administered Heparin up until her death.

8. Mrs. Shuler wore a medicine alert bracelet warning of her allergy to Heparin at all times after receiving the allergy diagnosis. Mrs. Shuler's Heparin allergy was also noted on her records at Baptist since at least June 18, 2007, and it is referenced several times in subsequent hospitalization records of Baptist.

9. Mrs. Shuler was admitted to the Emergency Room at Baptist with complaints of shortness of breath on or about June 19, 2011. Upon admission, Mrs. Shuler emphasized her inability to take Heparin, as specifically noted on the Emergency Department record.

10. On June 20, 2011 at approximately 3:15 p.m., Cynthia Lynne Etheridge, a nurse practitioner for Dr. McGrew, noted that Mrs. Shuler was "very pleasant" and in "mild to moderate respiratory distress" from walking in the room, and she dictated a note into Baptist's record about Mrs. Shuler's allergy to "HEPARIN AGENTS." At or about 7:45 p.m. on that same day, Dr. Okpor, an agent or employee of Defendant, transferred Mrs. Shuler downstairs to Baptist's Cardiovascular Intensive Care Unit.

11. On June 20, 2011 sometime before 10:55 p.m., Baptist staff nurse, Laura C. Bray, attempted to administer or actually administered low molecular weight Heparin to Mrs. Shuler. On this occasion, Mrs. Shuler inquired of Ms. Bray as to the drug and object that she had brought to Mrs. Shuler's room, causing extreme emotional distress to Mrs. Shuler and mental and physical damage and injury. Mrs. Shuler refused the low molecular weight Heparin. After this encounter with Defendant's agent/employee, Mrs. Shuler's condition markedly worsened and she began coughing blood from her lungs.

12. As a result of this incident, Mrs. Shuler requested to be released from the Cardiovascular Intensive Care Unit at Baptist, but Defendant's employees refused to release her, insisting that it would be better for Mrs. Shuler remain in the Cardiovascular Intensive Care Unit.

Baptist employees emphasized that Mrs. Shuler would be watched and monitored constantly and that she would be in a bed fully monitored for ventilation, EKG, pulse, respirations, oxygen saturation, and heart rate, with audible alarms and visual monitoring of the patient and secondary monitoring on a computer screen at nurses' desk and other patients rooms. After several excruciating early morning hours, employees of Defendant said they would transfer Mrs. Shuler back to the second floor only if she would agree not to be resuscitated. Mrs. Shuler wanted to be resuscitated if necessary, and so she remained in terror in the Cardiovascular Intensive Care Unit, tied to the bed.

13. By the afternoon of June 23, 2011 (now having been untied), Mrs. Shuler's doctors informed her and her family that her condition was improving. About two hours later, Defendant Baptist willfully, negligently, and in wanton and callous disregard, abandoned Mrs. Shuler in the Intensive Care Unit for approximately forty-three (43) minutes immediately prior to her death. A social visitor (an off duty nurse) found Mrs. Shuler unattended and dead in the Cardiovascular Intensive Care Unit at 7:43 p.m. on June 23, 2011. At that time and for the previous forty-three (43) minutes, the Baptist Cardiovascular Intensive Care Unit's staff failed to respond to Mrs. Shuler and to the monitors connected to Mrs. Shuler's body, including monitors of pulse rate, oxygen level, respiration rate, and blood pressure.

## IV. LIABILITY

14. Plaintiffs submit that Defendant's failure to observe and monitor Mrs. Shuler, leaving her unattended for approximately forty-three minutes immediately preceding her death in the Cardiac Intensive Care Unit at Baptist, constitutes medical malpractice under Tennessee law.

15. Pursuant to Tennessee Code Annotated § 29-26-115, Defendant's aforementioned acts and omissions constitute a failure to act with ordinary and reasonable care in accordance

with the recognized standard of acceptable professional practice in the profession and the specialty of caring for patients in a cardiovascular intensive care unit in the community of Memphis, Shelby County, Tennessee and in similar communities in this region. Defendant's deviation from the acceptable standard of care is the direct and proximate cause or a contributing proximate cause of the suffering and the injuries experienced by Mrs. Shuler, including but not limited to being the proximate cause or a contributing proximate cause of her death. As a result of these acts and omissions, Mrs. Shuler experienced extreme pain and suffering, as well as impairment of her right to enjoy life prior to her death.  Mrs. Shuler also incurred substantial medical expenses due to the acts and omissions of Defendant.

16.	The children of Pauline Sloan Shuler, namely, Plaintiffs Robert Shuler and Pauline Shuler Lewis, are the next of kin of the deceased and the proper legal beneficiaries under the Tennessee Wrongful Death statute, Tennessee Code Annotated § 20-5-106, and as such, they are entitled to receive damages from Defendant for Mrs. Shuler's pain and suffering, loss of enjoyment of life, medical expenses, funeral expenses, the pecuniary value of the life of Pauline Sloan Shuler, and all other damages allowed under Tennessee law.

17.	The children of Pauline Sloan Shuler also seek damages for the loss of love, society, affection, companionship, and guidance of their mother, Pauline Sloan Shuler.

18.	Plaintiffs submit that punitive damages should be assessed against Defendant in an amount to be fixed by the jury.  Defendant knew or should have known that in light of the surrounding circumstances, their conduct could and would naturally and most likely result in serious injuries to or the death of Pauline Sloan Shuler.  Nonetheless, Defendants ignored said risks in reckless and malicious disregard of these foreseeable consequences.

19. Said punitive damages should be assessed based on the actions of Baptist under the doctrines of master/servant, respondeat superior, and/or the law of agency.

WHEREFORE, Plaintiffs pray for the following relief:

(a) An award of compensatory damages for Mrs. Shuler's injuries and damages in a fair and reasonable amount to be determined by the jury, and in an amount in excess of Five Hundred Thousand Dollars ($500,000.00) Dollars, exclusive of interest and costs;

(b) An award of punitive damages in the amount that truth dictates and justice demands, but in a sufficient amount to deter Defendant from engaging in such future conduct;

(c) An award of damages to Mrs. Shuler's children for loss of her consortium in an amount that truth dictates and justice demands;

(d) An award of all discretionary costs, court costs, and to the extent allowable under applicable law, attorney's fees; and

(e) Such other and further relief, both general and specific, as shall be deemed reasonable and necessary.

Respectfully submitted:

/s/ Jason D. Nowlin
Rachael E. Putnam, TN BPR No. 21654
Jason D. Nowlin, TN BPR No. 22965
PUTNAM FIRM, PLC
Attorneys for Plaintiffs
2148 Monroe Avenue
Memphis, Tennessee 38104
(901) 302-9120
email: Rachael@putnamfirm.com
email: Jason@putnamfirm.com